IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DEMITRIEUS HOWARD,**

    **Plaintiff,**

    v.                                       Case No. 2:09-CV-1057
                                                  JUDGE WATSON
                                                  MAGISTRATE JUDGE KING

**KATHLEEN KOVACH,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of the Defendant's *Motion to Dismiss*, Doc. No. 7. For the reasons that follow, it is **RECOMMENDED** that the motion be granted.

### I.

Plaintiff, Demitrieus Howard ["Plaintiff"], is an inmate at the Noble Correctional Institution. He brings this action against Defendant Kathleen Kovach, a Parole Officer with the Ohio Adult Parole Authority ["OAPA"]. Plaintiff claims that he was denied a meaningful parole hearing in violation of the First and Fourteenth Amendments to the United States Constitution. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343.

In his *Complaint*, Doc. No. 3, Plaintiff alleges that Defendant "acted with retaliation and/or discrimination and violated established due process of law" in connection with Plaintiff's parole hearing. *Complaint* at ¶ 8. Acknowledging the "discretionary nature of the parole system," Plaintiff nevertheless alleges that he was deprived of a meaningful parole hearing. *Id.*

However, the *Complaint* fails to articulate the manner in which Plaintiff was allegedly deprived of a meaningful parole hearing.

## II.

Defendant moves to dismiss Plaintiff's *Complaint* for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint. *Roth Steel Prod. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983); *Carter v. Welles-Bowen Realty, Inc.*, 493 F. Supp. 2d 921, 923 (S.D. Ohio 2007). In determining whether dismissal on this basis is appropriate, the complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true. *See Bower v. Federal Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996); *Misch v. The Cmty. Mutual Ins. Co.,* 896 F. Supp. 734, 738 (S.D. Ohio 1994). Recently, the Supreme Court of the United States explained that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007). However, a claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*. at 1965. Accordingly, a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974. *See also Ashcroft v. Iqbal,* __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009)(a civil complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face").

### III.

Defendant Kovach argues that dismissal of the *Complaint* is warranted because Plaintiff fails to plead any facts in support of his claim. In addition, Defendant claims absolute immunity from suit under 42 U.S.C. § 1983 in connection with her parole decisions.

Plaintiff's response to the Defendant's motion articulates the basis for his claims. According to Plaintiff, he filed a complaint in the Court of Common Pleas for Belmont County, Ohio, because he had been denied a parole hearing. *Memorandum contra*, Doc. No. 9 at 2. Defendant thereupon conducted a hearing and then moved to dismiss the state court case as moot. Plaintiff alleges that the hearing was "unethical and unmeaning [*sic*] and flopped me six years . . . ." *Id.* Plaintiff claims that the denial of parole constituted a form of retaliation. *Id.* at 3.

In order to state a claim for retaliation based on the exercise of constitutional rights, the Plaintiff must show that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in the conduct; and (3) the adverse action was taken, at least in part, by reason of the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Further, the plaintiff must show that the exercise of a protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001).

In this case, the claim for retaliation is pled in wholly conclusory terms. Plaintiff fails to specify in what constitutionally protected conduct he was engaged.[1] Further, Plaintiff fails to

---

[1] The Court assumes, however, that Plaintiff's resort to the Court of Common Pleas for Belmont County, Ohio, constituted protected activity.

articulate that the denial of parole was motivated by Plaintiff's exercise of protected conduct. Mere temporal proximity is not alone sufficient. *Smith v. Campbell,* 250 F.3d 1032, 1038 (6th Cir. 2001).  In sum, the claim is not supported by sufficient facts to survive a motion to dismiss.

As to Plaintiff's claim that he was denied a "meaningful" parole hearing, the United States Court of Appeals for the Sixth Circuit has explained that due process in the context of a parole hearing "is satisfied so long as the procedure used affords the inmate an opportunity to be heard, and, if parole is denied, the parole board informs the inmate of the basis upon which it denied parole." *Swihart v. Wilkinson*, 209 Fed. Appx. 456, 459 (6th Cir. 2006), citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 16 (1979).  In this case, Plaintiff fails to allege any facts to support a claim that he was deprived of due process in connection with his parole hearing.  Plaintiff's conclusory allegation in this regard is likewise insufficient to survive a motion to dismiss.

## IV.

In light of the foregoing, it is **RECOMMENDED** that Defendant's *Motion to Dismiss*, Doc. No. 7, be **GRANTED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a

copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Foundation of Teachers, Local 231, etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


**June 21, 2010**             *s/ Norah McCann King*
**DATE**                   **NORAH McCANN KING**
                           **UNITED STATES MAGISTRATE JUDGE**