IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Demitrieus Howard,

       Plaintiff,

v.                                  Case No. 2:09-cv-1057

Kathleen Kovach,               Judge Michael H. Watson
                                        Magistrate Judge King
       Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of the Plaintiff's *Objection* to the Magistrate Judge's June 21, 2010 *Report and Recommendation*. The Court reviews the matter *de novo*, 28 U.S.C. § 636(b). For the reasons that follow, the Magistrate Judge's recommended decision is **ADOPTED and AFFIRMED**.

Plaintiff, a state inmate, claims that he has been wrongfully denied parole in violation of the First and Fourteenth Amendments to the United States Constitution. In his *Complaint*, Doc. No. 3, Plaintiff alleges that Defendant Kathleen Kovach, a Parole Officer with the Ohio Adult Parole Authority ["OAPA"], acted "with retaliation and/or discrimination and violated established due process of law" in connection with Plaintiff's parole hearing. *Id.* at ¶ 8.

The Magistrate Judge recommended that Plaintiff's claim be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In particular, the Magistrate Judge determined that Plaintiff failed to articulate facts in support of a claim for

retaliation. *See Report and Recommendation*, Doc. No. 13 at 3-4.  In addition, the Magistrate Judge found that Plaintiff failed "to allege any facts to support a claim that he was deprived of due process in connection with his parole hearing." *Id.* at 4.

In his *Objection* to the Magistrate Judge's decision, Plaintiff maintains that he was denied parole in retaliation for requesting a hearing.  According to Plaintiff, he requested a hearing due to an "institutional mistake" regarding his parole hearing date. *Objection*, Doc. No. 17 at 3.  Plaintiff argues that, although he received a hearing, the denial of parole following that hearing constitutes a form of retaliation.  Plaintiff also argues that he was deprived of a meaningful hearing because he has had a good prison record and should have been granted parole. *Id.* at 5.

As the Magistrate Judge observed, Plaintiff's claims are wholly conclusory in nature.  The mere fact that Plaintiff was denied parole after he requested a parole hearing is insufficient to support a claim for retaliation.  A claim for retaliation requires proof that the plaintiff's exercise of a protected right was a substantial or motivating factor in the alleged retaliatory conduct; temporal proximity alone is insufficient . *See Smith v. Campbell*, 250 F.3d 1032, 1037-38 (6th Cir. 2001).  In addition, Plaintiff's contention that he should have been granted parole because he has had a good prison record does not establish that he was deprived of "meaningful consideration" for parole. There is no inherent or constitutional right to parole. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1 (1979).  For purposes of due process, "as long as the procedure used affords the inmate an opportunity to be heard, and, if parole is denied, the parole board informs the inmate of the basis upon which it denied parole,"

2

due process is satisfied. *Swihart v. Wilkinson*, 209 Fed. Appx. 456, 459 (6th Cir. 2006), citing *Greenholtz*, 442 U.S. at 16. In sum, the Court concludes that dismissal of Plaintiff's *Complaint* is appropriate.

Plaintiff's *Objection*, **Doc. No. 17**, to the *Report and Recommendation* is **DENIED**. The decision of the Magistrate Judge is **ADOPTED and AFFIRMED**. Defendants' *Motion to Dismiss*, **Doc. No. 7**, is **GRANTED**. This action is **DISMISSED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

_____
Michael H. Watson, Judge
United States District Court